ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GREGORIO MONTES,

                        Plaintiff,

                                                            **Docket No.: 17-cv-05040**
                                                            **(ARR) (RER)**

FINEST DELI & GROCERY CORP., and
AHMED AL AWLAQI,

                        Defendants.
-------------------------------------------------------------X

**MEMORANDUM OF LAW
IN OPPOSITION OF DEFENDANTS' MOTION TO VACATE DEFAULT**

1

# I. STATEMENT OF RELEVANT FACTS

More than seven months after being properly served with the Summons and Complaint, Defendants have made an appearance in the action through their counsel, Vivek Suri, Esq. *(Dkt. No. 15)*. Counsel's Notice of Appearance was followed by a letter motion requesting an extension of time to Answer the Complaint (Dkt. No. 16) notwithstanding the Clerk's notation of default on December 8, 2017 and Plaintiff's Motion for Default Judgment on February 9, 2018. (Dkt. No. 14).

On April 19, 2018, the Court denied Defendants' motion and directed Defendants to file a motion to vacate the entry of default and satisfy the legal standard set forth in Rule 55 of the Federal Rules of Civil Procedure. (Text Order dated April 19, 2018).

Plaintiff Gregorio Montes hereby responds to and formally opposes Defendants' Motion to Vacate Default. Defendants' Motion is wholly without merit and for reasons fully disused below, Plaintiff respectfully requests that the Court deny Defendants' Motion and grant Plaintiff's Motion for Default Judgment.

## II. ARGUMENT

**Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure sets forth the procedural steps for obtaining and vacating an entry of a default judgment. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules…the clerk shall enter the party's default." Fed.R.Civ.P. 55 (a). Following entry of default upon the plaintiff's request, defendants may seek to set aside the entry of default pursuant to Rule 55(c). *See* **Meehan v. Snow**, 652 F.2d 274, 276 n. 5 (2d Cir.1981)

("Entering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course"). Under Rule 55(c), the court may set aside an entry of default "[f]or good cause shown." Fed.R.Civ.P. 55 (c).

The Second Circuit has established three criteria that must be assessed in order to decide whether good cause has been shown in order to relieve a party from default or from a default judgment. **Enron Oil Corp. v. Diakuhara**, 10 F.3d 90, 96 (2d Cir.1993). Specifically, the three-pronged inquiry to determine whether good cause has been shown to set aside an entry of default are: (1) whether the default was willful; (2) whether setting aside the default will prejudice the adversary; and (3) whether a meritorious defense is presented. *Id*. Other equitable considerations include whether the failure to follow a rule of procedure was a mistake made in good faith, and whether the entry of default would bring about a harsh or unfair resolution. *Id*. *See also* **Brown v. Gabbidon**, 2007 U.S. Dist. LEXIS 35134, at *8, (S.D.N.Y. 2007) (Court also permitted to consider relevant equitable factors including whether failure to appear "was a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'"). All factors weigh against granting Defendants' Motion to Vacate Default.

    A.    <u>Defendants' Failure to Respond to Plaintiff's Complaint was Willful</u>

As for the first factor, a defendant's conduct is willful if it is "deliberate or egregious or carried out in bad faith." **Kauhsen v. Aventura Motors, Inc.**, 2010 US Dist LEXIS 55554, at *12 (E.D.N.Y. June 7, 2010) (quoting **Hernandez v. La Cazuela de Mari Rest.**, Inc., 538 F. Supp. 2d 528, 532 (E.D.N.Y. 2007)). A default is deemed willful where a defendant simply ignores the complaint without action. **Arista Records, Inc. v. Musemeci**, 2007 U.S. Dist. LEXIS 81630, at *12 (E.D.N.Y. Sept. 18, 2007).

3

Defendants allege that their failure to appear in the instant action was not willful and was a result of Plaintiff's failure to serve Defendants with the Summons & Complaint. *Awlaqi Aff.*, at ¶ 14. Thus, Defendants have "unfortunately missed the deadline to timely respond to the Complaint." *Defendants' Memo* at 4. Despite Defendants' misrepresentation to the Court, both Defendants were timely served with the Summons and Complaint.

Corporate Defendant was served on September 11, 2017 via service on the New York State Secretary of State, which presumably mailed the summons and complaint to the address on file with the Secretary of State. (*See* Affidavit of Service to the Corporate Defendant, attached as **Exhibit 1** to the Wisniewski Decl). The Individual Defendant was served via substitute service on a person of suitable age and discretion on September 7, 2017. (*See*, Affidavit of Service on the Individual Defendant, attached as **Exhibit 2** to the Wisniewski Decl). It is difficult to reconcile with Defendants' assertion that they never received notice of the action when, somehow, their counsel knew to file a notice of appearance in April 2018. Thus, Defendants' allegation that they were not served with the Summons and Complaint is clearly false.

B.      Plaintiff was Not Required to Notice Defendant Under Rule 55(b)(2)

Defendants highlight Plaintiff's failure to serve them with the Motion for Default Judgment. *Defendants' Memo* at 4. But Plaintiff was not required to notice Defendants in this situation. Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that, "If the party against whom a default judgment is sought has *appeared personally* or *by a representative*, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2) (emphasis added). In order to determine whether the

Rule 55(b)(2) notice requirement applies here, the court must resolve the issue of whether or not Defendants have appeared in this case.

The meaning of "appearance" for the purpose of the notice requirement in Rule 55(b)(2) is not resolved in this Circuit. *See* **New York v. Green**, 420, 105-106 F3d 99 (2d Cir. 2005). While the Court of Appeals for the Seventh Circuit requires a formal appearance, "the prevailing view is that the notice requirement contained in Rule 55(b)(2) applies not only to parties who have formally appeared, but also to those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit." **Green**, 420 F.3d at 105. Thus, even assuming that the informal definition of "appearance" applies, a defendant must at least "express a clear intention to defend the suit" in order to trigger the notice requirement of Rule 55(b)(2). *Id*. at 106.

At bar, Defendants did not express any intention, let alone a clear intention, to defend. There was no appearance, either individually or through counsel until April 16, 2018, more than seven months after Defendants were properly served with the Summons and Complaint. There was no communication, emails, telephone calls, letters, etc. provided by Defendants to Plaintiff before the Clerk's entry of Default. Hence, since there has been no appearance, no notice needed to be provided to Defendants who have already defaulted, of any future hearings, such as the application for Default Judgment.

Notably absent from Defendants memorandum is any mention of the fact that Plaintiff served Defendants with a copy of the Clerk's Entry of Default. "Where a party is notified that he is in default and he apparently makes no effort to appear pro se or to explain his situation to the court, such neglect is inexcusable." **Arista Records, Inc. v. Musemeci**, 2007 U.S.

Dist. LEXIS 81630, at *12 (E.D.N.Y. Sept. 18, 2007).

Both Defendants were served with the Clerk's Entry of Default on January 3, 2018. *See*, Affidavit of Service, attached as **Exhibit 3** to the Wisniewski Decl). Moreover, the United States Postal Service's tracking system confirms Defendants' receipt of the Clerk's Entry. *See*, USPS receipts, attached as **Exhibit 4** to the Wisniewski Decl). Defendants' failure to appear or defend the action after receiving notice of Default further solidifies their default was willful, deliberate and in bad faith.

    C.  Plaintiff is Not Required to Show Prejudice

A party's willful default alone is sufficient to deny a motion to vacate. *See, e.g.*, ***Boston Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.***, 221 F.R.D. 410, 413 (S.D.N.Y. 2004) (denying motion to vacate default, even though defendant demonstrated a meritorious defense and lack of prejudice to the plaintiff, where its excuse for defaulting was "about as lame as can be imagined" and its approach "lackadaisical."); *see also* **Barnes v. Printron, Inc.**, 1999 U.S. Dist. LEXIS 7726, at *8 (S.D.N.Y. May 25, 1999) ("[A] finding of willfulness obviates the need to continue the inquiry with respect [to] the existence of a meritorious defense and prejudice."); **Heymann v. Brechner**, 1996 U.S. Dist. LEXIS 14936, at *7 (S.D.N.Y. Oct. 9, 1996) ("Amongst the [three] elements, willfulness is preeminent, and a willful default will not normally be set aside.") (citing **Brien v. Kullman Indus.**, 71 F.3d 1073, 1077 (2d Cir. 1995)).

Despite repeated misrepresentations to the Court, Defendants willfully ignored several documents concerning this case, including the summons and complaint, and the Clerk's Entry of Default as detailed above. Accordingly, the Court need not continue the inquiry with respect to the existence of a meritorious defense or prejudice to Plaintiff.

D.     Defendants Do Not Have A Meritorious Defense

Even assuming, *arguendo* that Defendants' default was not willful, Defendants still cannot provide a meritorious defense. With regard to the meritorious defense factor of Rule 55, the Second Circuit has held: A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense. *See Enron Oil Corp.*, 10 F.3d 90, 96 (2d Cir.1993).

At bar, Defendants submitted sale tax returns which purport to show that Defendants do not gross $500,000.00 in annual gross sales. (Defendants' Motion at Exh. 3). Based on these documents, Defendants assert that the Court lacks subject-matter jurisdiction. In Plaintiff's unchallenged Complaint and Declaration in Support of Default Judgment, Plaintiff makes clear that Defendants operate a heavy cash business. Specifically, Plaintiff swore that during his entire employment, he was paid in cash and never received paystubs or employment documents, all at Defendants' insistence. (Complaint at ¶ 32; Montes Affidavit at ¶ 11). Plaintiff was employed with Defendants from June 1, 2007 until October 26, 2016. (Complaint at ¶ 17; Montes Affidavit at ¶ 4). Thus, it is clear that Defendants have maintained an unlawful practice of paying employees under the table for at least nine years, thereby allowing them to avoid reporting significant amounts of income to the IRS. Accordingly, any document submitted by Defendants regarding their gross income is inaccurate.

Individual Defendant also submitted an Affidavit in an attempt to provide a meritorious defense. (Defendants' Motion at Exh. 2). Rather than asserting a defense, Individual

7

Defendant simply denies the allegations set forth in the Complaint and avers that Defendants will "show at trial that Plaintiff was paid the correct amount of money for the work he performed." *Awlaqi Aff.*, at ¶ 17. Such conclusory denials are not sufficient to provide a meritorious defense. *See* **Sony Corp. v. ELM State Elecs., Inc.**, 800 F2d 317, 321 (2d Cir. 1986).

In Sum, even if the Court accepts the documents submitted by Defendants, such documents would be insufficient to show a meritorious defense and meet the good cause legal standard. This factor, like the others, militates in favor of denying Defendants' Motion to Vacate.

### III. CONCLUSION

Defendants have willfully ignored the Complaint and cannot demonstrate good cause as required by the Federal Rules. Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Motion to Vacate Default and grant Plaintiff's Motion for Default Judgment.

Dated: New York, NY
      May 25, 2018

Respectfully submitted,

*/s/Robert Wisniewski*