UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

No. 17-CV-5040 (ARR) (RER)

———————————————

GREGORIO MONTES,

Plaintiff,

VERSUS

FINEST DELI & GROCERY CORP. AND AHMED AL AWLAQI,

Defendants

———————————————

**Report & Recommendation**

February 6, 2019

———————————————

**To the Honorable Allyne R. Ross,
Senior United States District Judge**

**Ramon E. Reyes, Jr., U.S.M.J.:**

  Plaintiff Gregorio Montes ("Plaintiff") brings this action against Finest Deli & Grocery Corp. ("the corporate Defendant") and Ahmed al Awlaqi (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as various wage orders promulgated each law. (Dkt. No. 1 ("Compl.") ¶¶ 2-3); 29 U.S.C. § 201 *et seq.*; 29 C.F.R. § 500 *et seq.*; N.Y. Lab. Law §§ 193, 195(3), 652; N.Y. Comp. Codes R. & Regs. tit. 12 §§ 146–1.1, 146–1.2, 146–1.4. As a result of Defendants' failure to answer or otherwise move, and in response to Plaintiff's request, default was entered against Defendants on December 8, 2017. Plaintiff then filed the instant motion for default judgment, which Your Honor

referred to me. (Dkt. No. 14 ("Mot. Default."); Order dated 2/12/2018). Subsequently, Defendants moved for vacatur of default (Dkt. No. 18), which I granted with respect to Mr. al Awlaqi and denied with respect to the Corporate Defendant. For the reasons set forth below, I now respectfully recommend that default judgment be entered against the Corporate Defendant only, in an amount to be determined at trial.

## FACTUAL BACKGROUND[1]

The Corporate Defendant owns and operates a deli and grocery store ("the Deli") in Brooklyn, New York. (Compl. ¶ 16). The Deli is engaged in interstate commerce and has an annual gross volume of sales not less than $500,000.00, as required by the FLSA. (*Id.* ¶ 11). On or around June 1, 2007, Plaintiff entered into an oral contract with Defendants under which he would work at the Deli. (*Id.* ¶ 17). Plaintiff worked at the Deli until October 26, 2016. (*Id.* ¶ 29). Plaintiff's duties at the Deli included working as a short-order prep cook, working as cashier, cleaning the Deli's interior and exterior, stocking the aisles, and taking out the garbage. (*Id.* ¶¶ 18-19). Plaintiff worked six days a week, from 7:00 A.M. to 3:00 P.M. (without any lunch break), for an average of 48 hours per week. (*Id.* ¶¶ 20-21). Plaintiff was paid between $330 and $350 for each week's work. (*Id.* ¶ 27). Although the parties had orally agreed that Plaintiff would be paid $350 each week, Defendants deducted $20 from Plaintiff's pay when business was "slow." (*Id.* ¶¶ 17, 22-24). Plaintiff was never paid at a premium rate for his work in excess of forty hours per week, nor was he paid for accrued sick days, holidays, or vacation days. (*Id.* ¶¶ 5, 27). Plaintiff

---

[1] By defaulting, a party is deemed to have admitted all well-pleaded factual allegations of liability, with the notable exception of those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). With the facts thus established, the court, drawing all reasonable inferences in the moving party's favor, must decide whether the moving party has made out a valid cause of action as a matter of law. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-1593 (SJ) (RER), 2017 WL 4838820 (E.D.N.Y. Sept. 9, 2017) (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)).

was always paid in cash and was never provided with a pay stub or other documentation. (*Id.* ¶¶ 25, 32). In addition, Plaintiff never received or signed a Wage Notice. (*Id.* ¶ 31). Defendants had actual or constructive knowledge that the NYLL required them to provide a Wage Notice or other documentation, but they willfully omitted to do so. (*Id.* ¶ 33). Defendants continued the alleged unlawful practices as of the filing of the Complaint. (*Id.* ¶ 34).

## **LIABILITY AND DAMAGES**

In the interest of brevity, suffice it to say I have carefully reviewed the complaint and Plaintiff's submissions in support of his motion for default judgment. Those submissions, and the fact that the Corporate Defendant is in default, establish that the Corporate Defendant is liable to Plaintiff pursuant to 29 U.S.C. §§206(a)(1), 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12 §§ 146–1.1, 146–1.2, 146–1.4; and N.Y. Lab. Law §§ 193, 195(3).

On the facts alleged, Mr. al Awlaqi and the Corporate Defendant would be jointly and severally liable.[2] Because Mr. al Awlaqi is no longer in default, this action will proceed to trial, where damages will be determined. All discovery has been set to be completed by March 1, 2019, and a final pretrial conference will be held on March 7, 2019, at 11:30 A.M. There will be no extensions or adjournments. An inquest at this stage is therefore unwarranted. Thus, I decline to recommend a monetary amount for the judgment; rather, I respectfully recommend that judgment be entered in accordance with Your Honor's findings at trial.

---

[2] *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 128–29 (E.D.N.Y. 2011) (holding allegations that individual had authority over personnel and payroll decisions and authority to hire and fire employees adequate to impose joint and several liability).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the motion for default judgment be denied as to Defendant al Awlaqi and granted as to the Corporate Defendant. I recommend that judgment be entered in an amount determined at trial. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Allyne R. Ross within fourteen days of receiving this Report and Recommendation. Failure to file timely objections may waive the right to appeal this District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes Jr.*
Ramon E. Reyes, Jr.
U.S. Magistrate Judge
Dated: February 6, 2019
Brooklyn, NY